J-S68032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD V. HOSKINS, | : | |
| | : | |
| Appellant | : | No. 1643 MDA 2016 |

Appeal from the PCRA Order June 6, 2014
in the Court of Common Pleas of Lycoming County,
Criminal Division, at No(s): CP-41-CR-0001185-2005

BEFORE:   LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED NOVEMBER 21, 2017**

Harold V. Hoskins (Appellant) appeals from the June 6, 2014 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Also before us are two motions to remand filed by Appellant.   We deny Appellant's motions and affirm the order dismissing his petition.

On Appellant's direct appeal, this Court summarized the underlying facts of the case as follows.

> On July 8, 2005, Appellant was drinking and playing poker at the home of James Drummond and his paramour, Linda Bower, along with Donnie Evans.   Appellant left the game after he became annoyed when he lost all of his money and no one would give him any more.  He returned to the residence, waving a gun and stating it was not an f---ing joke.  Appellant pointed the gun at Evans' head and pulled the trigger twice; no shots were fired, but the sound of the gun mechanism clicks [were] heard.  Bower later testified that Appellant took a bullet from the .38 revolver

*Retired Senior Judge assigned to the Superior Court.

and laid it on the table, then immediately put the bullet back into the gun, and pulled the trigger while Evans and Drummond were trying to take it from him. Drummond later testified that Appellant pulled the trigger a third time while the gun was pointed at his, Drummond's, stomach. Appellant pulled the trigger a fourth time in an unknown direction, Evans and Drummond wrestled the gun away, and police arrived.

Appellant was charged with various offenses, including two counts of attempted homicide, each against Evans and Drummond. A jury trial was conducted on February 2 and 5, 2007, at which Appellant testified in his defense. He was found guilty of all charges.[3] On April 7, 2011, the court imposed an aggregate sentence of twenty-seven to sixty years' imprisonment.

_____
[3] Following trial, Appellant absconded and a bench warrant was issued. He was apprehended four years later on March 23, 2011. Because the trial judge had retired during the interim, sentencing was assigned to another judge.

*Commonwealth v. Hoskins*, 48 A.3d 485 (Pa. Super. 2012) (unpublished memorandum at 1-3) (citations, quotation marks, and some footnotes omitted). This Court affirmed Appellant's judgment of sentence on April 25, 2012, *id.*, and our Supreme Court denied Appellant's petition for allowance of appeal on September 19, 2012. *Commonwealth v. Hoskins*, 53 A.3d 756 (Pa. 2012).

Appellant *pro se* timely filed a PCRA petition on November 21, 2012. Therein, Appellant "alleged after discovered evidence; specifically that Donnie Evans and James Drummond had now changed their testimony that [Appellant] pointed a gun at them and pulled the trigger." PCRA Court Opinion, 3/21/2014, at 2. The PCRA court appointed Jerry Lynch, Esquire,

as Appellant's counsel; counsel filed an amended petition on July 9, 2013;
and the PCRA court scheduled a hearing. Before the hearing, on November
19, 2013, Attorney Lynch filed a petition to withdraw and no-merit letter
pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and
**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
Therein, Attorney Lynch represented as follows.

> [Appellant's] PCRA [petition] asserted that [Appellant] is
> entitled to relief in light of after-discovered evidence. The
> evidence [Appellant] relies upon is two [] notarized affidavits.
> [Appellant] has presented that the affiants, James Drummond
> and Donnie Evans, have recanted their prior testimony.
>
> Donnie Evans, in his affidavit, states that he would be
> willing to testify that "at no time did I see [Appellant] point the
> gun in anyone's direction." This is actually not a recantation, Mr.
> Evans did testify to that at trial.
>
> > **QUESTION**: Okay. And I believe your testimony
> > was, you don't recall him pointing that gun at
> > anyone in that room?
> >
> > **ANSWER**: That's correct.
>
> N.T., [2/2/2007, at 99]. As such, counsel does not believe that
> Mr. Evan[s's] testimony would be any more helpful to
> [Appellant's] case now than it was at trial.
>
> Counsel contacted James Drummond after several
> attempts. Mr. Drummond has explained that since the trial he
> began to suffer from diabetes and it [a]ffects his memory. When
> asked why he would have recanted his prior testimony, he said,
> "He couldn't remember, maybe that's why" and that "He didn't
> remember anything about the event or signing the affidavit." In
> light of Mr. Drummond's failing memory concerning the matter
> and the inherent unreliability of recantation testimony[,] counsel
> does not believe that Mr. Drummond's testimony would have
> changed the outcome of the trial had it been introduced.

*Turner*/*Finley* "No Merit" Letter, 11/19/2013, at 2-3 (pages unnumbered).

Counsel's *Turner*/*Finley* letter also noted that Appellant wished to raise a new issue "concerning whether a .38 handgun was capable of firing a .32 caliber bullet." *Id.* at 3. The PCRA court ordered counsel to file an amended petition raising the new issue or to file another *Turner*/*Finley* letter. Shortly thereafter, Appellant *pro se* sent a letter to the PCRA court noting four complaints about the way that his trial counsel dealt with issues related to the handgun. By order of December 30, 2013, the PCRA court filed Appellant's letter and directed a copy to be forwarded to Attorney Lynch pursuant to Pa.R.Crim.P. 576(A)(4).

On January 13, 2014, counsel filed a new petition to withdraw, opining therein that trial counsel was not ineffective in failing to pursue the questions of the Commonwealth's firearms witness that Appellant claims he should have asked. Petition to Withdraw, 1/13/2014, at ¶ 6. By opinion and order of March 21, 2014, the PCRA court thoroughly examined the new firearms issue and agreed with Attorney Lynch that it lacked merit and no hearing was necessary. Accordingly, the PCRA court granted counsel's petition to withdraw and issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant responded to the notice, reiterating both his original claims regarding the witnesses' recantations of their trial testimony and his claims regarding trial counsel's

questioning about the handgun. Reply to Notice to Dismiss, 4/7/2014, at 1-2.[1] The PCRA court, noting the lack of new issues in Appellant's response, dismissed the petition by order filed on June 6, 2014.

Appellant timely filed a notice of appeal on June 26, 2014. The PCRA court ordered Appellant to file a concise statement of errors raised on appeal, and Appellant timely complied on July 17, 2014, listing the same issues raised in his response to the 907 notice.

No further activity appears on the docket until June 8, 2015, when the clerk of courts filed an order of our Supreme Court denying a petition for writ of mandamus that Appellant filed in that court seeking to compel the PCRA court to forward his notice of appeal to this Court. Another lengthy gap is followed by an order of September 30, 2016, directing the clerk of courts to docket the notice of appeal as having been filed on June 26, 2014. By order of November 7, 2016, the PCRA court adopted its March 21, 2014 order as its opinion.

---

[1] Appellant's response to the 907 notice is contained in the certified record but is not listed on the docket or time-stamped with a filing date. As it is dated April 7, 2014, which is within 20 days of the issuance of the 907 notice, we see no reason not to deem it timely-filed pursuant to the prisoner mailbox rule. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining documents filed by incarcerated individuals acting *pro se* are deemed to have been filed on the day that they were deposited with the prison authorities or placed in the prison mailbox); **Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998) (holding plausible timeliness under the rule may be accepted if not challenged by the opposing party).

Proceeding *pro se* in this Court, Appellant sought and was granted an extension of time to file his brief. On March 2, 2017, private counsel entered his appearance on Appellant's behalf and requested, and was granted, another extension of time to file a brief. Instead, on April 24, 2017, counsel filed a motion for remand, seeking to return to the PCRA court to raise a new issue: that PCRA counsel was ineffective in failing to argue that trial counsel was ineffective for not challenging the discretionary aspects of Appellant's sentence. Motion for Remand, 4/24/2017, at 7 (pages unnumbered). On May 11, 2017, counsel filed a supplemental motion, alleging additional hearsay about what witnesses would say in support of the new claim. Supplemental Motion for Remand, 5/11/2017, at 1-2 (pages unnumbered). By order of May 12, 2017, this Court deferred the motions to the panel assigned for disposition of the appeal and ordered a new briefing schedule. After receiving two extensions, counsel filed a brief in which he abandoned all of the claims preserved in Appellant's 1925(b) statement and instead argued his remand motions. Appellant's Brief at 15-36. The Commonwealth filed its brief, and the appeal is ready for disposition.

The claim of ineffective assistance of PCRA counsel Appellant wishes to litigate on remand was never raised in the PCRA court. He did not raise it in response to either of Attorney Lynch's **Turner**/**Finley** letters, nor in response to the PCRA court's 907 notice. Based upon this Court's precedent, we agree with the Commonwealth that the claim cannot be litigated in any

court as part of the pending PCRA petition; it must be raised in a serial petition.

In **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012), Ford first raised a claim of his PCRA counsel's ineffectiveness in his 1925(b) statement. The claim was based upon the record, did not require additional fact-finding, and was addressed by the PCRA court in its opinion. Nonetheless, this Court, after a review of precedential decisions of our Supreme Court, declined to address the issue on the basis that "a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." **Id.** at 1200. This Court expressly held that "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." **Id.** at 1201. Appellant's brief fails to acknowledge **Ford** at all, let alone explain why we are not bound by its holding that is directly contrary to his request to remand to litigate a claim of PCRA counsel's ineffectiveness that was raised for the first time after he appealed the dismissal of the underlying PCRA petition.

Appellant's position was also rejected in **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), in which this Court sitting *en banc* reaffirmed **Ford**'s holding and denied Henkel's petition to remand to develop in the PCRA court his claims of PCRA counsel's ineffectiveness that were

raised for the first time after the appeal was taken. This Court was compelled to do so based upon controlling precedent, although "cognizant that failing to address PCRA counsel ineffectiveness claims raised for the first time on appeal renders any effective enforcement of the rule-based right to effective PCRA counsel difficult at the state level." *Id.* at 29. In a footnote, this Court offered some possible solutions to the problem, such as instituting a post-PCRA motion practice similar to post-sentence motions. *Id.* at 29 n.4. Appellant in his brief suggests another solution: remand for the filing of a supplemental petition. Appellant's Brief at 18. However, as noted above, the *Henkel* Court denied the petition for remand that was filed in that case rather than accepting remand as a viable solution.[2]

In *Commonwealth v. Smith*, 121 A.3d 1049 (Pa. Super. 2015), a case cited by neither Appellant nor the Commonwealth, this Court explicitly

---

[2] The Commonwealth aptly noted that "to permit remand would raise a series of other issues." Commonwealth's Brief at 7.

> For example, how would the [C]ourt determine whether remand to raise new issues is appropriate? Would the [C]ourt remand every case where new counsel or a *pro se* defendant alleged ineffectiveness of PCRA counsel? Would the [C]ourt require the parties to brief the new issue to determine whether the claim was substantial or not? If the parties briefed the issues would the [C]ourt consider facts not of record to make the determination of whether there is a substantial claim presented?

*Id.* If a new procedure is instituted to address this situation, it must be done thoughtfully and deliberately rather than on an *ad hoc* basis. As noted in *Henkel*, this Court "is without authority to promulgate procedural rules." 90 A.3d at 29 n.4. That power lies with our Supreme Court.

rejected Smith's argument "that this Court must remand his case to the PCRA court with instructions to review and adjudicate [Smith's] claims of PCRA counsel's ineffectiveness which [Smith] raised for the first time in his Rule 1925(b) statement." *Id.* at 1053. The Court explained that, as the nature of PCRA proceedings are more civil than criminal, the petitioner has the burden to move the case forward, to plead and prove claims, and to preserve those claims. *Id.* at 1054-55. Because Smith did not raise his claim of PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice, he waived his right "to complain about PCRA counsel's stewardship" once he filed his notice of appeal. *Id.* at 1055.

In the instant case, Appellant did respond to both PCRA counsel's *Turner/Finley* letter and to the PCRA court's Rule 907 notice. However, in neither response, and at no time prior to filing his notice of appeal, did he make the claim that he now seeks to pursue: that PCRA counsel should have claimed that trial counsel was ineffective in failing to challenge the discretionary aspects of Appellant's sentence. Under *Smith*, Appellant's request for remand must be denied.

Appellant attempts to circumvent these principles by invoking an exception recognized in *Henkel*. In that case, this Court expressly indicated that its decision did not impact cases in which the PCRA court failed to appoint counsel as required by the rules, or in which "the appointment of counsel is a mere formality and counsel fails to meaningfully represent his

client during critical stages of the PCRA proceedings, including failing to file either an amended petition or a **Turner**/**Finley** no-merit letter." **Henkel**, 90 A.3d at 30 n.6. Appellant argues that he is entitled to proceed with his claim about PCRA counsel because "the way [Attorney Lynch] functioned constructively denied [Appellant] the meaningful participation in the PCRA proceedings he was due…." Appellant's Brief at 18-19.

This argument is not supported by the record. Attorney Lynch filed an amended PCRA petition; filed a **Turner**/**Finley** letter explaining why those issues lacked merit and raising a new issue Appellant wished to raise; and filed another **Turner**/**Finley** letter explaining why the additional issue lacked merit. Attorney Lynch's performance was not in the same realm as the nonfeasance of counsel in cases holding that the PCRA petitioner was effectively denied counsel. **See**, **e.g.**, **Commonwealth v. Willis**, 29 A.3d 393, 397 (Pa. Super. 2011) ("Attorney Elgart petitioned to withdraw prior to each of [Willis's] PCRA hearings, yet the court chose not to rule on Attorney Elgart's petitions before conducting those proceedings. Consequently, Attorney Elgart was duty-bound to act as [Willis's] counsel; however, the transcripts of the PCRA hearings are replete with evidence that he was not advocating on [Willis's] behalf. Instead, it appears that he was attempting to prove that [Willis's] claims were meritless, presumably to persuade the court to grant his request to withdraw."); **Commonwealth v. Wiley**, 966 A.2d 1153, 1158–59 (Pa. Super. 2009) ("The condition of the record and

accompanying procedural history of this case are deplorable. It appears, upon a review of the certified record provided to this Court, that [Wiley] was chronically unrepresented by appointed counsel, there was never an amended counseled PCRA petition filed, and [Wiley], apparently forced to act on his own, took appeals from orders that were unappealable and submitted defective briefs and other filings that were all handwritten and all essentially incomprehensible. … Nevertheless, at no point was a counseled PCRA petition ever filed.").

Our Supreme Court has recognized that, "[w]hile difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to § 9545(b)(1)(i-iii) can be established a second petition filed beyond the one-year time bar may be pursued." **Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011). If Appellant wishes to pursue his claim concerning Attorney Lynch's alleged ineffectiveness, that is the mechanism he must use unless and until our Supreme Court provides otherwise.

Motions for remand denied.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/21/2017